UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YVONNE FROST,

                Plaintiff,

-against-

DOHR; NYPD; NYC MTA,

                Defendants.

19-CV-9186 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's federal question jurisdiction. By order dated November 8, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)

(holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Since September 16, 2019, Plaintiff has filed more than 30 actions in this Court, suing mostly agencies of the City of New York. *See Frost v. Oculus*, ECF 1:19-CV-9667, 5 fn.2 (S.D.N.Y. Nov. 5, 2019) (listing cases). To date, all of the complaints the Court has considered have been dismissed as frivolous and Plaintiff has repeatedly been warned that further vexatious or frivolous litigation in this Court will result in an order under 28 U.S.C. § 1651, barring her from filing new actions IFP unless she receives prior permission. *See id.* at 4-5. Because she continued to file frivolous cases, on November 7, 2019, the Court barred Plaintiff from filing further actions IFP without first obtaining permission. *See Frost v. City of New York (HRA)*, No. 1:19-CV-8936, 6 (S.D.N.Y. Nov. 7, 2019). This action was filed prior to the Court's bar order.

Plaintiff sues the Division of Human Rights (DOHR), the New York City Police Department (NYPD), and the Metropolitan Transportation Authority (MTA), She uses the Court's general complaint form, invokes the Court's federal question jurisdiction, and claims "discrimination/different treatment." (ECF No. 2, 2.) Plaintiff lists the place of occurrence as "New York," and the date of occurrence as October 2, 2019. (*Id.* at 5.)

Plaintiff asserts the following as her statement of claim:

The step-child of the ring was at it again with me last night. I am speaking about the Division of Human Rights. D.O.H.R. is back to old stamping grounds. The very same hit-man a fired honcho hired was back at it again with me at the Lincoln Center.

2

The hitman was on my back a few minutes after I entered the Lincoln Center train platform. It appears to me this honcho is not giving up. I went to relax by the Lincoln fountain a bit.

Next came the musician with his death instrument in the station. They marked me out for death. The honcho is disgruntled. The scene was big. Two groups came in as I watched and fired from outside the turnstyle.

There were two MTA men inside the booth. They were sweating and finally ran/hushed away. They were scared of the groups. People from the groups started coming back out the inside platform – they were angry. The gang members saw they were preserved or/and set-up.

I asked the two MTA men what can I do about the gang with partial worded Tshirts? They said they do not know, packed up and ran. Two police officers came next. I explained the situation and asked the same question "What can I do"? they said they don't know too.

Where did it start? With the police. As I passed by a Chinese NYPD officer used his gadget and zapped my head close to Lincoln Center. I saw two people going out to get the money. I partially fired it when they came back.

NYPD officers know it is wrong what they are doing but still continue to do it – unlock for access, to get money. I even called the emergency intercom a couple times just to let them keep record where I was. It was hot in the subway yesterday.

I am tired, drained and exhausted by constantly running. My immune medical condition does not make this worrying any better and God is and or has been upset with DOHR for quite some time now. D.O.H.R. take away widows and widowers houses, land, property, money and tear up their children by sending wolves after. DOHR have done it to me. DOHR have the nerve to show their face(s) again by sending the same hitman to bump me out.

On the other hand the NYC MTA did some physical damage to a few men early this morning (I cried). A man passed me (at the side) coming down some steps on Fulton Street. His pants was half-way below his butt. He did not see me. Three others employees walked pass me too. One of them a man wearing uniformed white shirt (a guard). I heard him said he gave the 'raped' man 20 strokes to the other two.

I was a little scared to fire. I did but barely caught the three leaving inside the Fulton Center (3:20 am). I took couple more proofs of a few others. The one wearing boots appeared to be the hunter sent to bring in 'men[.]'

I am charging DOHR with stalking. Stalking with the sole intention to kill.

(*Id*. at 5-9.) Plaintiff asserts as her injuries "flashback and trauma[,] psychological and physical distress[,] [and] pain and suffering." (*Id*. at 9.)

In the relief section, Plaintiff states that she "would like to ask the court to order the defendants to compensate me for pain and suffering, psychological distress and stress." (*Id*. at 9.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which she can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. This action is a continuation of Plaintiff's pattern of vexatious, frivolous, and meritless litigation in this Court.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The Court's November 7, 2019 bar against filing future actions IFP without first receiving permission remains in effect.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: November 12, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge